# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DELIADEM THOMPSON,<br>        Plaintiff(s),<br>v.<br>FRONTIER AIRLINES, INC.,<br>        Defendant(s). | Case No. 2:25-cv-00847-CDS-NJK<br>**Scheduling Order**<br>[Docket No. 8] |

Pending before the Court is a joint discovery plan seeking special scheduling review. Docket No. 8. The scheduling conference set on this matter is **VACATED**. *See* Local Rule 78-1.

The presumptively reasonable discovery period is 180 days measured from a defendant's first appearance. Local Rule 26-1(b)(1). The parties here ask for more than double the default discovery period. *See* Docket No. 8 at 2 (asking for a discovery period of one year measured from the Rule 26(f) conference, as opposed to being measured from the defendant's first appearance). Plaintiff alleges negligence arising out of a piece of luggage falling onto her upon the opening of the overhead compartment of an airplane. *See* Docket No. 1-2 at ¶ 7. The discovery plan indicates that Plaintiff is continuing medical treatment and that the parties will be prejudiced if expert opinions are rendered before medical treatment concludes. Docket No. 8 at 2. There are at least two problems with the parties' position.[1] First, the discovery plan provides no details of any kind regarding Plaintiff's medical treatment, including the timeframe being contemplated. The request to double the discovery period appears to be speculative. Second, many personal injury cases involve ongoing medical treatment. The Court cannot hold discovery open *ad infinitum* in these

---

[1] The Court notes at the outset that the caption of the discovery plan suggests that Plaintiff brings this case as a class action. *See* Docket No. 8 at 1. The actual complaint and answer, however, are not drafted as such. *See* Docket Nos. 7-1, 1-2. The Court assumes for purposes of this order that the class action reference was made in the discovery plan in error.

1

cases based on that circumstance; at some point, expert opinions must be rendered as to completed medical care and as to *future* medical care. In short, sufficient justification has not been presented to more than double the presumptively reasonable discovery period.

Given the circumstances presented, the Court will provide the parties an extra 30 days in setting the case management deadlines. If the deadlines set herein cannot be met despite the exercise of diligence, the parties may seek an extension. *See* Local Rule 26-3. Any such extension request must detail the reasons why the subject deadline(s) could not be met through the exercise of reasonable diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If such a request is filed, the Court will determine at that time whether to extend the case management deadlines.

Accordingly, the discovery plan is **GRANTED** in part and **DENIED** in part. Case management deadlines are **SET** as follows:

- Initial disclosures: June 4, 2025
- Amend pleadings/ add parties: September 12, 2025
- Initial experts: October 13, 2025
- Rebuttal experts: November 12, 2025
- Discovery cutoff: December 11, 2025
- Dispositive motions: January 12, 2026
- Joint proposed pretrial order: February 9, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: June 3, 2025

_____
Nancy J. Koppe
United States Magistrate Judge